SMITH et al. v. THE ROLAND et al.

No. 805.

United States District Court
S. D. Texas, Houston Division.

May 16, 1950.

Royston & Rayzor (Robert Eikel, Jr.), of Houston, Tex., for libelants.

Fulbright, Crooker, Freeman & Bates (Carl G. Stearns), of Houston, Tex., for respondents.

KENNERLY, Chief Judge.

On February 1, 1947, the Tugs Viva Clare and Carmichael, pulling a tow consisting of the empty Barges NBC 757 and NBC 758, were proceeding *west* in the Intracoastal Canal, and the Tug Roland, pushing a tow consisting of the Barges Joseph F. Meyer, Jr., W. Y. Fuqua, and Eben Laws, all loaded, was proceeding *east* in such canal. At about 9:30 P.M. on that date, the two tows undertook a passing near Rollover, Texas, and the Barge Joseph F. Meyer, Jr., the lead barge in the eastbound tow, collided with the Barges NBC 757 and NBC 758, the barges in the westbound tow. Both the NBC 757 and NBC 758 were injured, the NBC 758 exploded and was almost wholly destroyed. The Barges Joseph F. Meyer, Jr., and W. Y. Fuqua were also injured. This is a:

(a) Libel by Charles C. Smith, owner, and Charles C. Smith Company, operator, of the Barges NBC 757 and NBC 758, for damages alleged to have been caused by such collision, against the Tug Roland and her owner, George Bacon, doing business as the George Bacon Towing Service. Also for similar damages against the Barge Joseph F. Meyer, Jr. George Bacon and the George Bacon Towing Service appear as Respondents and as Claimants of the Tug Roland. The River Terminals Corporation appears as Claimant of the Barge Joseph F. Meyer, Jr.

(b) Cross-Libel of River Terminals Corporation, owner of the Barges Joseph F. Meyer, Jr., and W. Y. Fuqua, for damages alleged to have been caused by such collision, against Charles C. Smith, owner, and Charles C. Smith Company, operator, of the Barges NBC 757 and NBC 758, and against the Tugs Viva Clare and Carmichael. Charles C. Smith, owner, and Charles C. Smith Company, operator, of the Barges NBC 757 and NBC 758, and the Carmichael Towing Company, owner of the Tugs Viva Clare and Carmichael, answer such cross-libel.

### Findings of Fact.

(a) At the time of the collision, the Tugs Viva Clare and Carmichael were made up with the Carmichael's starboard side alongside the Viva Clare. The Barges NBC 757 and NBC 758 were made up tandem fashion behind the two tugs, the NBC 757 being in front and the NBC 758 in the rear. The Tug Roland was pushing ahead of her the three barges heretofore named, made up in the following order: The Joseph F. Meyer, Jr., in the lead, next the W. Y. Fuqua, and the Eben Laws next to the Tug Roland.

(b) As a result of the collision, the Barge NBC 757 was injured, the Barge NBC 758 exploded and was practically all destroyed, and the Barges Joseph F. Meyer, Jr. and the W. Y. Fuqua were injured.

(c) At the time of and before the collision, the weather was good and the visibility was fair, although it was night and dark. The current in the Canal was moderate, but there was a 15 or 20 mile an hour wind blowing from the north or northeast. This strong wind made navigation difficult for the Viva Clare and the Carmichael, their tow being two unloaded barges.

(d) As the two tows approached each other, the Viva Clare and the Carmichael and their two light Barges NBC 757 and NBC 758 were apparently, because of the strong wind, against the south bank of the canal. Certainly the two barges were against the south bank. The reasonable thing would have been for the Viva Clare and the Carmichael to have signalled for a starboard to starboard passing, but no whistle signal or signals were given by them for such a passing. If they gave a signal or signals with lights, those operating the Roland and her tow did not see them. A

short time before the collision, the Viva Clare gave a whistle signal for a port to port passing, which the Roland answered, agreeing thereto, but it was then too late for the tow of the Viva Clare and the Carmichael to get to the north side of the canal. However, those in charge of the Roland and her tow did not' know this.

It is clear that the Barges NBC 757 and NBC 758 were lying across the canal in the path of the Roland and her tow at the time of the collision, and that the collision occurred on the south side of the center of the canal. I think the force of the collision and the explosion on the NBC 758 caused her to be north of such center of the canal after the explosion.

■ (e) Instead of giving the port to port passing signal, the Viva Clare and the Carmichael and their tow should have stopped and blown or given the danger signal. They were negligent in not so doing. I also find them guilty of negligence (which negligence was a proximate cause of the collision and injury to all the vessels injured) as charged by Respondents as follows:

"The steel oil barges NBC 757 and NBC 758 were unseaworthy and not properly equipped and apparelled.

"Said barges were too large, too deep, too unwieldy and improperly constructed for navigating the Gulf Intracoastal Canal.

"Said tugs and barges did not carry and have burning proper and sufficient lights.

"Said tugs and barges were improperly made up and fastened to each other.

"The manner in which the Carmichael was made up alongside the Viva Clare and the lights which she carried were not proper or authorized by law and were misleading to other tows, such as the Roland and her barges.

"Those in charge of said tugs and barges were unattentive to their duties.

"Said tugs failed to keep proper and good lookouts.

"Said tugs were negligently and carelessly maneuvered.

"Said tugs were proceeding at an improper speed under the circumstances.

"Said tugs failed to carry out the port to port passing which they had requested and was agreed upon.

"Said tugs failed to promptly and properly get their barges over to their starboard hand side of the canal in accordance with the passing requested by them and agreed upon.

"Said tugs permitted and caused their barges to string out or tail out across the canal from starboard to port, thus making any passing impossible.

"Said tugs permitted and caused their barges to proceed upon their port side of the canal and in the course of the Roland and her barges.

"Said tugs permitted and caused their barges to come into collision with the lead barge of the Roland.

"Said tugs permitted and caused their barges to get out of control.

"Said tugs failed to slow down or stop their speed and headway or in time to avoid collision.

"Said tugs were negligent in failing to comply with a signal blown by them or to signal their inability to comply with such signal.

"Said tugs failed to take any or proper precautions to avoid collision after danger of collision was or should have been apparent."

Each of such acts of negligence was a proximate cause of the collision and injuries mentioned herein.

(f) Libellants charge the Tug Roland and the Barge Joseph F. Meyer, Jr. with negligence in the following particulars:

"The Tug Roland was not in charge of competent persons.

"The Tug Roland and her tow had too great depth to navigate the shallow waters of the Intracoastal Canal Safely with regard to navigation of her vessels and the safety of other vessels navigating that canal.

"The tow of the Tug Roland was too deeply laden to navigate safely the shallow waters of the Intracoastal Canal.

"The Tug Roland and the barges towed by her were improperly constructed for navigation of the Intracoastal Canal.

"The Tug Roland and the barges which she had in tow were improperly made up and fastened to each other for proper and safe navigation of the Intracoastal Canal.

"The Tug Roland was proceeding at an immoderate rate of speed under the circumstances.

"She failed to keep on her own starboard side of the channel as she was required by law to do.

"She failed to carry out the agreed upon port to port passing.

"After exchanging one blast passing signals with the Tug Viva Clare, she failed to haul her course to starboard so as to effect the agreed upon port to port passing.

"After exchanging one blast passing signals with the Tug Viva Clare, she altered course to port in direct violation of her agreement to pass the Tug Viva Clare and her tow port to port.

"She suddenly and unexpectedly sheered across the channel and into the Tug Viva Clare's tow.

"She failed to stop and reverse her engines when danger of collision was, or should have been, to her apparent.

"She was negligent in failing to comply with signals proposed or to signal her inability to comply with these signals."

I find the Tug Roland, the Barge Joseph F. Meyer, Jr., and those in charge of them, not guilty of such alleged acts of negligence, or any other acts of negligence, except that they failed to keep a good lookout, in that there was no lookout on the lead Barge Joseph F. Meyer, Jr. This was negligence. But such negligence was not a proximate cause of the collision. The Captain of the Roland saw the lights of the Tugs Viva Clare and Carmichael, but saw no lights on the Barges NBC 757 and NBC 758, nor other indications that the Tugs had Barges NBC 757 and NBC 758 in tow. I am convinced that if there had been a lookout on the lead Barge (Joseph F. Meyer, Jr.), he could not have seen the two barges and would not have discovered that the Viva Clare and the Carmichael had the two barges in tow.

### Conclusions of Law.

1:—Under the foregoing Findings of Fact, I conclude that Libellants are not entitled to recover against Respondents, the Tug Roland, and her owner, George Bacon, doing business as the George Bacon Towing Service, nor against the Barge Joseph F. Meyer, Jr. But that the River Terminals Corporation, owner of the Barges Joseph F. Meyer, Jr., and W. Y. Fuqua, is entitled to recover damages against Charles C. Smith, owner, and the Charles C. Smith Company, operator, of the Barges NBC 757 and NBC 758, and against the Tugs Viva Clare and Carmichael.

2:—I do not think such damages should be divided. While in G. B. Zigler Company v. Barker Barge Line, 5 Cir., 167 F.2d 676, it is held to be negligence for the tow not to have a lookout on the lead barge, in the present case such failure, while found to be negligence, was found not to be a proximate cause of the collision and the injuries.

Judgment that Libellants take nothing and that the River Terminals Corporation recover its damages as herein set forth. Let proper Decree be drawn and presented in accordance herewith.